UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

L.D. BURNETT,                                                                              Plaintiff,

v.                                                        Civil Action No. 3:16-cv-P717-DJH

DR. HACKMAN *et al.*,                                           Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

This is a 42 U.S.C. § 1983 action brought by a *pro se* prisoner. This matter is now before the Court on Defendants' joint motion to dismiss pursuant to 42 U.S.C. § 1997e and Fed. R. Civ. P. 12(b)(6) (DN 25). Plaintiff did not file a response, but the Court concludes that it can rule on the motion without the benefit of a response. For the reasons stated below, the motion will be denied.

### **I. PROCEDURAL HISTORY**

Plaintiff originally filed the instant complaint in the United States District Court for the Eastern District of Kentucky. That court dismissed Plaintiff's claims against the Kentucky Correctional Psychiatric Center (KCPC) and the Kentucky Department of Corrections; severed the claims against Defendants Dr. Hackman and Dr. Amy Truette, whom Plaintiff identified as psychiatrists at KCPC; and transferred the claims against those Defendants to this Court finding that proper venue lies here.

Plaintiff alleges that he was housed in KCPC for a mental evaluation ordered by the Boyd Circuit Court. He states the following:

> While at K.C.P.C. the treatment team including psychiatrist took me off my mental medication after only being their a short time. After being took off this medication I started hullicinating both audibily and visully those hullicinations were causing suicidal behavior caused me to hear voices and becom verry

depressed. And to try to comitt suacide I cut my wrist this attempt on my life happened at Boyd County Jail.

And I was transported to King's Daughter's Medical Center in Ashland, KY. I was kept on suicide watch multiple times and multiple week's at a time untill mont's later I was put back on my psych meds that K.C.P.C. took me off of. Another doctor put me back on them at B.C.D.C. If it were not for being took of my meds by the Kentucky Correctional Psychiatric Center staff these attempt on my life would not been attempted nor the mental grief would not have occurred. They said I was showing no symptoms of being sick but I was medicated at the time.

Upon initial review of the action pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), which applies the same standard governing this Rule 12(b)(6) motion, the Court allowed Plaintiff's individual-capacity claims against Defendants Hackman and Truett to proceed for further development.

## II. ANALYSIS

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). In addition, "[a] *pro*

*se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## A. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act (PLRA) bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Failure to exhaust is an affirmative defense, and the burden is on the defendant to prove non-exhaustion. *Jones v. Bock*, 549 U.S. at 216. The Sixth Circuit generally has held that exhaustion is best raised in a motion for summary judgment. *See, e.g.*, *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014); *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). The rare exception occurs where the plaintiff includes allegations in the complaint that permit adjudication of an exhaustion defense on a motion to dismiss. *See Rembisz v. Lew*, 590 F. App'x at 504 (acknowledging that the exhaustion defense may be "susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads himself out of court") (citing *Jones*, 549 U.S. at 215)).

Defendants argue that the action should be dismissed because Plaintiff concedes in the complaint that he failed to exhaust all administrative remedies available to him before filing suit. Defendants maintain that Plaintiff "admits that he failed to file a grievance under Bureau of Prisons regulations." Plaintiff filed the complaint on a complaint form. A section of the form deals with the exhaustion of administrative remedies and contains separate subsections for federal, state, and county or city prisoners. In the section pertaining to federal prisoners, the

form asks, "Did you file a grievance regarding the facts in this Complaint under Bureau of Prisons regulations?" Plaintiff checked "No." In the same section, the form asks, "What was the result?" Plaintiff answered, "I filed request forms sevrail could not get a grievance form." The form next asks, "If you did not file a grievance, why not?" Plaintiff responded, "Could not get a grievance form."

In the section pertaining to state prisoners, Plaintiff left the questions blank. In the section pertaining to county or city prisoners, the form asks the plaintiff to attach a copy of the jail's grievance policy. To that Plaintiff responded, "But they would not honner their grievance system." Where the form asks, "Did you file a grievance regarding these facts?" Plaintiff wrote, "No." The form also asks, "What steps did you take to use the grievance process?" Plaintiff answered, "Ask for grievance was denied." In answers to further questions, Plaintiff wrote: "did not get a form"; "could not get a form"; "kept asking for a grievance form."

Upon review of the complaint, finding Plaintiff's numerous assertions that he requested and was denied grievance forms and taking into account his alleged mental state during his incarceration at KCPC, the Court finds that Defendants are not entitled to dismissal for failure to exhaust at the pleadings stage. *See Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) ("We believe that a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a) . . . ."); *Whitington v. Sokol*, 491 F. Supp. 2d 1012 (D. Col. 2007) (denying Rule 12(b)(6) motion for failure to exhaust where plaintiff alleged he had no remedies because he was mentally incapacitated and was transferred to a mental institution shortly after the incident he sued about). Therefore, the motion to dismiss on this basis will be denied.

## B. Failure to State a Claim

Defendants further argue that the complaint should be dismissed for failure to state a claim on several bases. They first argue that Plaintiff does not identify the "precise condition from which he suffers" and that the Court "is left to merely speculate as to its seriousness." However, the Court finds that Plaintiff's statements that he was suffering from hallucinations, depression, and suicidal behavior are sufficient to state a mental condition at the pleadings stage.

In addition, Defendants maintain that Plaintiff fails to identify any of the alleged wrongdoers and that the complaint does not include "any reference to the Defendants' state of mind." Plaintiff sues two KCPC psychiatrists, alleges that he was transferred to KCPC for a court-ordered mental evaluation, and alleges that the KCPC "treatment team including psychiatrist took me off my mental medication after only being their a short time." Construing the *pro se* complaint broadly, as the Court is required to do at this stage, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), the Court finds that Plaintiff has alleged sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Finally, Defendants maintain that the complaint fails to identify the date(s) Plaintiff's medications were withheld or resumed, the dates he experienced hallucinations and suicidal ideations, or the date he was admitted to the hospital. They argue that "without this information, neither Undersigned Counsel nor this court can evaluate whether this claim was timely filed." However, the statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Dismissal at the pleadings stage is only appropriate "[w]hen a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint." *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002). "When it affirmatively appears from

the face of the complaint that the time for bringing the claim has passed, the plaintiff cannot 'escape the statute by saying nothing.'" *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. Mar. 25, 2008) (quoting *Hoover v. Langston Equipt. Assoc., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)). In this case, because Plaintiff did not allege any dates, the complaint does not, on its face, establish a statute-of-limitations defense. *See Walker v. Barrett*, 650 F.3d 1198, 1203 (8th Cir. 2011) ("[A]s a general rule, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.") (quoting *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (internal quotation marks omitted); *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010); *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004).

The Court notes that the dates Defendants claim they are lacking can be readily found in Plaintiff's medical records, at least some of which are in Defendants' possession. Therefore, the motion to dismiss on this basis also will be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss (DN 25) is **DENIED**. The Court will enter a separate Revised Scheduling Order.

Date: January 23, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of record
4415.010