UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

L.D. BURNETT,                                                                                                             Plaintiff,

v.                                                Civil Action No. 3:16-cv-P717-DJH

DR. HACKMAN *et al.*,                                                        Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff L.D. Burnett filed the instant *pro se* complaint under 42 U.S.C. § 1983. Defendants filed a joint motion for summary judgment, and Plaintiff did not file a response. The Court entered an Order on January 3, 2019, directing Plaintiff to file a response to the motion within 21 days. The Court warned Plaintiff that his failure to comply with the Order within the time allotted would result in dismissal of the action.

More than 21 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. The docket sheet shows that Plaintiff has taken no action in this case in almost ten months. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline,

there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order and failure to take any action in this case in almost ten months shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: January 28, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of record
4415.010